(Hamilton Co., Court of Common Pleas.)

## FRANK A. LANGDON v. CHARLES W. BAKER.

One going out of the jurisdiction of his residence upon the advice of counsel to attend upon the cross examination of adverse witnesses, whose depositions are being taken to be used in an action in which he is a party, is privileged from the service of summons—

MURPHY, J.

On May 24, 1897, C. W. Baker began an action, before a justice of the peace, to recover the sum of $250 from Frank A. Langdon. The service was personal. On May 27, 1897, the defendant filed the following motion:

"Now comes Frank Langdon, by his attorneys, for the purpose, only, of attacking the jurisdiction of this court over his person herein, and in no manner entering his appearance thereto, and moves the court to set aside and quash the service of a summons obtained upon him herein, for the

following reasons, to-wit: That he was compelled to come within the jurisdiction of this court on the day when said service of summons was obtained against him by plaintiff, May 24, 1897, to attend the taking of testimony by depositions, in the way of cross-examination of certain witnesses in a case in the Common Pleas Court of Clinton county, Ohio, wherein said Langdon was a defendant; that said case was set for hearing May 25, 1897, and it was absolutely necessary for said Langdon to attend the taking of said testimony at said time; that said Langdon came within the jurisdiction of this court on said day for the sole and only purpose of attending the taking of said testimony; that said summons was served on said Langdon about 9 o'clock A. M. on said day and before the completion of the taking of said testimony."

Which motion the justice overruled. To the overruling of which motion the defendant excepted.

Afterwards judgment was rendered against the defendant. To reverse the action of the said justice of peace the plaintiff in error here, who was the defendant below, filed his petition in error, assigning as the sole error the action of the justice of peace in overruling his motion to quash and set aside the service of summons.

The facts are stated in the motion, and are sustained by all the testimony in the case.

The counsel for both plaintiff and defendant cite the case of Andrews v. Lembeck, 46 Ohio St., 38. In that case Andrews attended the hearing of an application for an injunction in a case in which he was interested as a party, in a jurisdiction outside of that of his residence, and while so attending court for said purpose he was served with summons in an action brought by Lembeck, pending in a jurisdiction other than the jurisdiction of his residence.

In deciding the case Owens, Chief Justice, says:

"The question is one which profoundly concerns the free and unhampered administration of justice in our courts. That suitors should feel free and safe at all times to attend within any jurisdiction outside of their own, upon judicial proceeding in which they are concerned and which requires their presence, without incurring the liability of being picked up and held to answer some other adverse judicial proceeding against them, is so far a rule of public policy that it has received almost universal recognition wherever the common law is known and administered."

It is hard to distinguish any difference in principle in the case here presented and the case of Andrews v. Lembeck, cited above. If one may attend court upon the hearing of an injunction where he is a party, on the advice of his counsel that his presence might be necessary, and be privileged from the service of summons, it seems to me there is just as sound reason to extend that privilege to one attending on cross examination of adverse witnesses whose depositions are being taken and to be used in an action in which he is a party, especially when such attendance is by the advice of his counsel that his presence may be necessary.

The justice erred in not granting the motion to quash and set aside the summons; and, for that reason, the cause is reversed.

A. G. Allen, for Plaintiff in Error.

C. Baker, Contra.